# SETTLEMENT AGREEMENT AND RELEASE

BRP Development Corporation, United DBT Security Corp., and Darrul Brown, (collectively "Defendants"), and Rashiem Smith ("Smith"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties.**

    a.  "Plaintiff" shall be defined as Rashiem Smith.

    b.  [INTENTIONALLY OMITTED]

    c.  "Defendants" shall be defined as BRP Development Corporation, United DBT Security Corp., and Darrul Brown.

    d.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on December 26, 2019, in the United States District Court, Southern District of New York, with Civil Action #: 19-CV-11794 (MKV)(BCM).

2. **Consideration.** In consideration for Mr. Smith's signing this Agreement and the release of all claims herein, Defendants BRP Development Corporation, United DBT Security Corp., and Darrul Brown agree to make the following payments totaling Seventeen Thousand, Five Hundred Dollars ($17,500):

    a.  A check made payable to "Rashiem Smith" in the amount of One Thousand, Four Hundred Dollars and Zero Cents ($1,400), less applicable taxes and withholdings, to be reported on an IRS Form W-2, due within thirty (30), days of court approval of this settlement agreement;

    b.  A check made payable to "Rashiem Smith" in the amount of Six Thousand, Four Hundred Dollars and Zero Cents ($6,400), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30), days of court approval of this settlement agreement;

    c.  A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Nine Thousand Seven Hundred Dollars and Zero Cents ($9,700), representing legal fees ($9,030) plus costs ($670), to be reported on an IRS Form 1099-MISC (Box 10), due within thirty (30), days of court approval of this settlement agreement;

    d.  The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    e.  Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, debts, obligations or liability whatsoever,

1

whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement.

       f.      If there is a default in making the payments herein, Plaintiff or his counsel, will give **Defendants BRP Development Corporation, United DBT Security Corp., and Darrul Brown**, written notice of said default, by sending a notice of default by email to Defendants' attorneys **Mr. Joshua Levin-Epstein, Esq. at Joshua@levinepstein.com, Jason Mizrahi, Esq. at Jason@levinepstein.com and Arthur Robb, Esq. at ajrobb@cbdm.com**. Defendants will have ten (10) days from receipt of such notice to cure the default. If Defendants do not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendants **BRP Development Corporation, United DBT Security Corp., and Darrul Brown** individually and/or jointly, in the amount of Thirty Thousand Dollars ($30,000) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

  2.1 Tax Characterization.

  (A) For tax purposes, a portion of the payments in Section 2 shall be treated as unpaid wages for which a Form W-2 shall be issued and a portion of the payments in Section 2 shall be treated as interest and/or liquidated damages and issue without any withholdings for which a Form 1099 shall be issued to Plaintiff. Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiff' shall also provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9 for their attorneys. No payment shall be issued under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.

  (B) Payments treated as unpaid wages pursuant to Section 2 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and each respective employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Section 2 shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 2 shall be made to Plaintiff' Counsel without withholding and reported on an IRS Form 1099 (Box 10), under the payee's name and taxpayer identification. Additionally, an IRS Form 1099 will be issued to Plaintiff in the amount of one-half of the fees and costs.

  (C) Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages. Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount.

Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest and/or liquidated damages reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's Counsel under this Agreement.

(D) Plaintiff acknowledges and agree that, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 2, Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agree to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Section 2.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims in connection with Plaintiff's employment with Defendants, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. **Acknowledgments and Affirmations**.

a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Smith was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Smith is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                                           **DEFENDANT:**

**RASHIEM SMITH**                                        **BRP DEVELOPMENT CORPORATION**

4

By: _____

Date: _____

By: _/s/ Geoff Flournoy_____

Print Name  Geoff Flournoy

Title  Managing Member

Date: _____1/19/2021_____

**DBT SECURITY CORP.**

By: _/s/ Tyrone A. Thomas_____

Print Name  TYRONE A. Thomas

Title  CEO/President

Date: __12/2/2020__

**DEFENDANT:**

**DARRUL BROWN**

By: _/s/ Daryl Brown_____

Date: __12/2/2020__

By: _Roslin Smith_ (DocuSigned, BDEA2AC955C54D4...)

Date: 10/30/2020

By: _____

Print Name _____

Title _____

Date: _____

**DBT SECURITY CORP.**

By: _____

Print Name _____

Title _____

Date: _____

**DEFENDANT:**

**DARRUL BROWN**

By: _____

Date: _____

5