UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHIEM SMITH,

          Plaintiff,

-against-

BRP DEVELOPMENT CORP., et al.,

          Defendants.

19-CV-11794 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed the parties' joint letter dated January 29, 2021 (Joint Ltr.) (Dkt. No. 35), seeking approval of their fully executed Settlement Agreement (Ag.) (Dkt. No. 35-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Court has also received and reviewed plaintiff's supplemental letter, dated March 5, 2021 (Supp. Ltr.) (Dkt. No. 38), providing additional explanation as to why his counsel's proposed fees are fair and reasonable.

      The Agreement requires defendants BRP Development Corporation, United DBT Security Corp., and Darrul Brown to pay a total of $17,500 to settle this action. Ag. ¶ 2. This sum was arrived at after arms-length bargaining before a neutral mediator (*see* Dkt. No. 24) and, according to the parties, represents more than 100% of plaintiff's estimate of his actual damages (not including liquidated damages) should he succeed on all issues at trial. Joint Ltr. at 2; Supp. Ltr. at 3. Of that sum, $7,800 will go to plaintiff Rashiem Smith in full settlement of his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), Ag. ¶¶ 2(a), (b), and $9,700 will go to his counsel, Abdul Hassan, for his fees ($9,030) and expenses ($670). Ag. ¶ 2(c).

      There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement. The Agreement includes two releases. Each defendant

releases plaintiff "of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that it has or may have against Plaintiff, as of the date of execution of this Agreement." Ag. ¶ 2(e). Plaintiff, in turn, releases defendants "of and from any and all claims in connection with Plaintiff's employment with Defendants, as of the date of execution of this Agreement." Ag. ¶ 4. Although asymmetrical, the releases favor plaintiff – who is giving a narrower release than he receives – and thus raise no fairness issue under *Cheeks*. *See Mendoza v. LGRC Corp.,* 2020 WL 1974210, at *2 (S.D.N.Y. Apr. 24, 2020) (quoting *Vasquez v. La Rola Rest., Inc.*, 2019 U.S. Dist. LEXIS 62090, at *4 (S.D.N.Y. Apr. 9, 2019)) ("As this Court has previously observed, the purpose of the judicial review process mandated by *Cheeks* 'is to ensure that the agreement is fair and reasonable to the *plaintiff*.'"); *Gulluoglu LLC*, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (explaining that the court's concern for broad releases stems from its "obligation to police unequal bargaining power between employees and employers").

Further, the Court finds that the award of fees to plaintiff's counsel is fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Ag. ¶ 2(c). The retainer agreement between plaintiff and his counsel provides that Mr. Hassan's "contingency fee will be the greater of: (a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below . . . times the number of hours spent by the Attorney on Client's behalf; or (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees." Retainer Agreement (Dkt. No. 38-1) ¶ 12. Here, the requested fees fall into the second category – that is, a "reasonable hourly fee . . . times the number of hours spent" by Mr. Hassan. Counsel's stated retainer rate was $600 per hour, *id.* ¶ 26, but he reduced that rate to $500 per hour in connection with the parties' settlement. (Dkt. No. 35-2.) Mr. Hassan's lodestar, at $500 per hour,

would be $15,321.67. *Id.* Counsel further reduced that figure to $9,030 "in order to facilitate settlement." Supp. Ltr. at 7. The requested fee, divided by the 30.64 hours that counsel devoted to the case, results in an effective hourly rate of $294.71. Given the terms of the retainer and the downward adjustments made by counsel, the Court finds that the award of attorney's fees is fair and reasonable. *See Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990); *see also Brown v. Starrett City Assocs.*, 2011 WL 5118438, at *8 (E.D.N.Y. Oct. 27, 2011) ("The award is then subject to whatever private contractual agreements exists between plaintiff and his or her counsel.").

Plaintiff's counsel also seeks to recover $670 in costs, which, according to the Joint Letter, includes $400 for the filing fee, $63 in service fees, and $207 in unknown expenses. Ag. ¶ 2(c); Joint Ltr. at 2. In his supplemental letter, as requested by the Court, plaintiff's counsel attached a receipt for the $400 filing fee, and three receipts adding up to $270 in service fees. (Dkt. No. 38-2.)[1]

Having reviewed the terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement ($7,800 to plaintiff and $9,700 to plaintiff's counsel for fees and expenses) is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

---

[1] The numbers described in the Joint Letter and Supplemental Letter are slightly inconsistent with those in the Agreement itself, which, as noted above, states that attorney Hassan will receive $9,030 in fees and $670 in expenses. Ag. ¶ 2(c). In the Joint Letter, the parties write that attorney Hassan will receive $9,037 in fees ($7 more than the figure in the Agreement) and $463 in expenses ($207 less than the figure in the Agreement). Joint Ltr. at 2. In the Supplemental Letter, Mr. Hassan again writes that he will receive a fee of $9,037, but submits receipts matching the full $670 in costs specified in the Agreement. The Court assumes that the inconsistent figures in the Joint Letter and Supplemental Letter were scrivener's errors, and approves the figures set forth in the Agreement itself, which add up to the total settlement consideration of $17,500.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
April 6, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**